# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: S.P.**

**No. 14-0410** (Monongalia County 13-JA-29)

**FILED**

September 22, 2014

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Mother filed this appeal, by counsel Holly Turkett, from an order entered March 31, 2014, in the Circuit Court of Monongalia County that terminated her parental rights to fifteen-month-old S.P. The guardian ad litem for the child, Teresa J. Lyons, filed a response in support of the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Lee A. Niezgoda, also filed a response in support of the circuit court's order. Petitioner thereafter filed replies to these responses. Petitioner argues that the circuit court erred in terminating her parental rights because she was denied a meaningful improvement period and because the State failed to meet the necessary burden of proof to terminate her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following S.P.'s birth in June of 2013, the DHHR filed an abuse and neglect petition against petitioner alleging that she was the respondent parent in two prior abuse and neglect cases. The first case was initiated in 2007 due to her drug and alcohol abuse, but was dismissed and petitioner and her children were reunified. However, in 2010, petitioner gave birth to a child who tested positive for several drugs. Petitioner's parental rights to her six children were ultimately terminated in 2011. In the instant case, the petition alleged that petitioner had not rectified the circumstances in the home that led to her prior termination of her parental rights. At the adjudicatory hearing in August of 2013, petitioner stipulated to her prior termination of parental rights due to her issues with drug and alcohol abuse and admitted that she had a drug problem that affected her judgment and ability to care for her children. Shortly thereafter, the circuit court granted petitioner a ninety-day improvement period and directed that, by its end, petitioner would need to show that the conditions of abuse and neglect that existed at the time of her prior termination had been rectified.

At the final hearings, held in September and December of 2013, the circuit court reviewed petitioner's intake evaluation, which indicated that she admitted there was a potential for relapse and she wanted to feel "numb" sometimes. The circuit court also reviewed petitioner's psychological exam, which indicated that (1) she consumed alcohol within one week after S.P. was removed from her home, (2) she had to be instructed to bring formula and diapers to her two-hour visits with the child, and (3) she sometimes arrived fifteen to twenty minutes late

1

to a two-hour visit. Petitioner's evaluating psychologist also testified that petitioner had not identified why her parental rights to her older children were terminated or what she would need to do differently if she were reunified with S.P.

In its final order, the circuit court found that petitioner previously attended long-term drug and alcohol rehabilitation treatment in 2011, but was discharged early after she fought with another resident and that she has not since completed any sort of treatment. Based on this evidence, the circuit court found that petitioner's attitude toward parenting showed a lack of insight regarding necessary change; that she had not shown sufficient improvement to demonstrate that she could provide parental care to the child; and that she had not rectified the circumstances that led to the prior termination of her parental rights. Therefore, the circuit court terminated petitioner's parental rights by an order entered in March of 2014. Petitioner now appeals this order.

This Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her parental rights for two reasons. First, petitioner argues that she was denied a meaningful improvement period. Petitioner asserts that the DHHR did not offer her any services during the instant case, aside from supervised visitation, and did not file a family case plan. Upon our review of the record, we find no error in this regard. This Court has held as follows:

> "Where it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings . . . has been substantially disregarded or frustrated, the resulting order of disposition will be vacated and the case remanded for compliance with that process and entry of an appropriate dispositional order." Syl. Pt. 5, *In re Edward B.,* 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 6, *In re Elizabeth A.*, 217 W.Va. 197, 617 S.E.2d 547 (2005). Pursuant to West Virginia Code § 49-6-5(a)(7)(C), the DHHR is not required to make reasonable efforts to preserve the family if the circuit court determines that the parent's parental rights to another child have been terminated involuntarily. Nevertheless, our review indicates that, in the instant case, petitioner received supervised visitation services, an intake evaluation, and a psychological examination. Further, the record is clear that the circuit court provided distinct objectives for petitioner's improvement period, including the need to resolve her drug addiction issues. The record shows that petitioner had received various services since 2004 and had the opportunity to complete previous long-term rehabilitation treatment programs, but failed to do so. Petitioner was aware of the initiatives she needed to take during her improvement period but failed to take them. Accordingly, the lack of a filed family case plan did not substantially disregard or frustrate the Rules of Procedure for Child Abuse and Neglect Proceedings.

Second, petitioner argues that the DHHR failed to meet the necessary burden of proof to terminate her parental rights in this case. Petitioner asserts that the DHHR did not establish that she abused or neglected S.P. or that S.P. was in any danger. Petitioner asserts that evidence from the psychological evaluation was insufficient to terminate her parental rights based on abuse and neglect. Our review of the record reveals no error by the circuit court in this regard. We have held as follows:

> Where there has been a prior involuntary termination of parental rights to a sibling, the issue of whether the parent has remedied the problems which led to the prior involuntary termination sufficient to parent a subsequently-born child must, at minimum, be reviewed by a court, and such review should be initiated on a petition pursuant to the provisions governing the procedure in cases of child neglect or abuse set forth in West Virginia Code §§ 49–6–1 to –12 (1998). Although the requirement that such a petition be filed does not mandate termination in all circumstances, the legislature has reduced the minimum threshold of evidence necessary for termination where one of the factors outlined in West Virginia Code § 49–6–5b(a) (1998) is present.

Syl. Pt. 2, *In re George Glen B. Jr.*, 205 W.Va. 435, 518 S.E.2d 863 (1998). As discussed above, the circuit court found that within one week of S.P.'s removal, petitioner consumed alcohol; that petitioner did not comprehend her child's needs as exhibited through her failure to bring necessities to their supervised visits; and consequently, petitioner failed to show that she rectified the circumstances that led to her prior termination of parental rights. This evidence is sufficient to support the circuit court's findings and conclusions that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected and that termination was necessary for the child's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  September 22, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II